Filed 10/26/20  In re B.P. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re B.P., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B302713 (Super. Ct. No. VJ46452) (Los Angeles County) |
| THE PEOPLE,    Plaintiff and Respondent, v. B.P.,    Defendant and Appellant. | |

B.P. appeals his placement in camp by the juvenile court on November 26, 2019.  He contends the court abused its discretion because less restrictive placements would have better served his rehabilitative needs.  We conclude the court did not abuse its discretion.  The record indicates the court ordered appellant to camp only after less restrictive alternatives failed to rehabilitate him or to adequately protect the public.  Affirmed.

PROCEDURAL AND FACTUAL BACKGROUND

B.P. was charged in a juvenile wardship petition on October 16, 2018 with carrying a weapon on school grounds. (Pen. Code, § 626.10 subd. (a)(1); Welf. & Inst. Code, § 602.) He was charged with petty theft in a separate petition on November 20, 2018. (Pen. Code, §§ 484, subd. (a); 490.1.) Appellant admitted the allegations in both petitions. The juvenile court placed appellant on probation without wardship for six months on January 2, 2019 pursuant to Welfare and Institutions Code section 725, subdivision (a).

The court revoked the section 725 order on May 7, 2019 after appellant tested positive for marijuana and accumulated many school absences. It placed him in a Community Detention Program ("CDP"), a form of house arrest, with orders to detain him upon a first violation of his CDP conditions. Two days later his CDP officer found him at school under the influence of marijuana and carrying brass knuckles and a knife. The court removed appellant from CDP on May 15 and declared him a ward of the court. (Welf. & Inst. Code, §§ 602, 636, subd. (d).) It ordered him detained at juvenile hall until his disposition hearing on May 30.

The court ordered appellant suitably placed by the probation department on May 30. He entered Rancho San Antonio Boys Home ("RSA") on June 4, 2019. He was removed from RSA on September 30 and returned to juvenile hall "for having verbal, physical and gang related altercations" throughout his stay.[1]

---

[1] The District Attorney filed a third petition on July 10, 2019 arising from an alleged gang-related incident in February of 2019. Those allegations are not at issue here.

Appellant's behavioral troubles persisted in juvenile hall. The probation department recommended Camp Community Placement ("CCP") as a safer alternative for both appellant and the community. The court adopted the recommendation on November 26, 2019. This appeal followed.

DISCUSSION

We review the juvenile court's order of commitment for abuse of discretion. (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329-1330, citing *In re Todd W.* (1979) 96 Cal.App.3d 408, 416.) """We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them.""" (*Robert H.* at p.1330, quoting *In re Lorenza M.* (1989) 212 Cal.App.3d 49, 53.)

Appellant contends the court abused its discretion when it placed him in CCP because it failed to consider less restrictive alternatives in which therapeutic and rehabilitative services are more readily available. Further, he characterizes his underlying offenses, i.e., a misdemeanor weapons charge and petty theft, as minor crimes that do not typically warrant CCP.

Ample evidence supports the court's CCP order. Less restrictive options proved wholly ineffective to rehabilitate him and to protect the community. While appellant showed signs of progress – particularly in academics – the record shows an alarming escalation of violent and destructive behaviors between the court's initial probation order and his CCP placement eleven months later.

Appellant failed a drug test shortly after the January 2, 2019 probation order. He was again arrested on March 21 for carrying a knife. He failed three additional drug tests and

3

received a citation for smoking marijuana in public during the six-month period of home detention.  He missed at least 36 days of school in that period.  Two days into the CDP program he attended school visibly under the influence of drugs and carrying a knife and brass knuckles.  His probation officer informed the court appellant was "not taking his CDP conditions seriously."

Appellant's four-month stay at RSA began with two physical altercations with his peers.  He was transferred from Aggeler High School to Chatsworth High School after three weeks for fighting.  Gang activity, drug use, and additional altercations followed at school and RSA.  Appellant destroyed RSA property and screamed at staff when told he must wait to make a phone call.  His school attendance remained poor.  RSA staff initially reported some therapeutic progress and expressed a willingness to work with appellant despite his disruptive behavior.  Eventually, RSA requested the probation department remove appellant because his "behavior and resistance to treatment continue[d] to create an unsafe environment through racial and gang tension."  Similar behaviors continued when transferred to juvenile hall.

The record indicates the court continued appellant on probation, then CDP, seeking to improve his impulse control and anger through therapy and counseling.  (*In re Carlos J.* (2018) 22 Cal.App.5th 1, 5-6; see Welf. & Inst. Code, § 202, subd. (b) [punishment must be "consistent with the rehabilitative objectives" of the juvenile court law].)  These rehabilitative goals appear to have remained paramount during appellant's four-month stay at RSA.  The court ordered him to CCP only when presented with overwhelming evidence he hindered the facility's ability to rehabilitate him and other program participants.

Appellant's violent and disruptive behavior extended outside RSA's walls to both schools he attended during that time.

Substantial evidence supported the court's decision to place appellant directly into a more restrictive setting. Allowing appellant to remain in suitable placement would not just subordinate, but ignore, the court's obligation to exercise its jurisdiction "in conformity with the interest of public safety and protection." (Welf. & Inst. Code, § 202, subd. (b); *In re L.W.* (2020) 44 Cal.App.5th 44, 52.)

## DISPOSITION

The juvenile court's dispositional order dated November 26, 2019 is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

Kevin Brown, Judge
Superior Court County of Los Angeles
_____

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael Keller and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.